UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA PUTMAN, on behalf of herself and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC., an Idaho corporation,<br><br>    Defendant. | No. 2:21-cv-01760-MCE-JDP<br><br>**ORDER** |

    Through this action, Plaintiff Geneva Putman ("Plaintiff") seeks relief from Defendant WinCo Holdings, Inc. ("Defendant") for wage and hour violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Presently before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Strike or, in the Alternative, to Stay Proceedings, ECF No. 5, and Plaintiff's Motion to Remand, ECF No. 9.

    The Court has addressed materially identical motions in the related cases Castanon v. WinCo Holdings, Inc., Case No. 2:20-cv-01656-MCE-JDP, and Phoung v. Winco Holdings, Inc., Case No. 2:21-cv-02033-MCE-JDP. The Court adopts its remand analysis from Phoung here, and Plaintiff's instant Motion is DENIED for the same reasons set forth therein. Phoung, ECF No. 23. Based on the evidence presented by

Defendant in this case, there is simply no doubt that the diversity and amount in controversy requirements under the Class Action Fairness Act have been met. See 28 U.S.C. § 1332(d)(2).

In addition, for the same reasons stated in the Court's evaluation of previous motions to dismiss filed in those cases, it finds that Plaintiff's instant Complaint is wholly conclusory and fails to state any claim here as well. See Castanon, ECF No. 22; Phoung, ECF No. 23. Plaintiff concedes that her pleading as constituted is likely insufficient to meet federal standards. See ECF No. 15 at 1 ("Admittedly, the operative complaint in this action was drafted in accordance with the liberal pleading requirements permitted by California State Courts, and not the stricter requirements adopted by Federal Courts."). She thus foregoes making any arguments in opposition to dismissal and seeks leave to amend, which the Court agrees should be permitted. Given the foregoing disposition, the Court declines to strike class allegations or stay this case.

In sum, for the reasons just stated, Plaintiff's Motion to Remand (ECF No. 9) is DENIED, and Defendant's Motion to Dismiss (ECF No. 5) is GRANTED with leave to amend.[1] Defendant's alternative requests to strike the class allegations or stay proceedings are DENIED as moot. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended pleading is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: August 24, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).