UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA PUTMAN, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINCO HOLDINGS, INC., an Idaho corporation,<br><br>Defendant. | No. 2:21-cv-01760-MCE-JDP<br><br>**ORDER** |

Through this action, Plaintiff Geneva Putman ("Plaintiff") seeks relief from Defendant WinCo Holdings, Inc. ("Defendant") for wage and hour violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Presently before the Court is Defendant's Motion to Stay this action pending resolution of the related case Castanon v. WinCo Holdings, Inc., Case No. 2:20-cv-01656-MCE-JDP. ECF No. 27. That Motion is GRANTED.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). More specifically, the Ninth Circuit has elaborated:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id. All of the foregoing weigh in favor of granting a stay. The Putman action is almost entirely duplicative of the Castanon case, and it would waste judicial resources for them to proceed on parallel tracks. Staying this case would thus preserve the resources of all parties, while preserving Plaintiff's interests here, which are being considered with reference to the Castanon claims. A stay thus results in no harm to Plaintiff here or to the putative class in this case, the claims of which will be prosecuted in Castanon. Accordingly, given the substantial overlap of these cases, the Court can conceive of no reason not to stay the instant matter. Defendant's Motion (ECF No. 27) is thus GRANTED.[2]

This matter is hereby STAYED until further order of the Court. Not later than thirty (30) days following the date judgment is entered in Castanon v. WinCo Holdings, Inc., Case No. 2:20-cv-01656-MCE-JDP, the parties shall file a written Joint Status Report advising the Court as to the next course of action in this case.

IT IS SO ORDERED.

DATED:  October 24, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court declines Plaintiff's invitation to consolidate these cases. No noticed Motion is before the Court, and Plaintiff has not shown that consolidation would be more efficient than entering a stay in any event.

2